**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Lynne F. Riley <br> Chapter 7 Trustee of Steffian Bradley Limited | **DEFENDANTS** <br> Columbia Construction Company |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> A. Davis Whitesell, Esq. <br> Casner & Edwards, LLP <br> 303 Congress Street, Boston, MA 02210 <br> Tel: (617) 426-5900 whitesell@casneredwards.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☒ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

For recovery from defendant of prepetition accounts receivable.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **45,550.53** |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Steffian Bradley Limited | BANKRUPTCY CASE NO.<br>19-11235-CJP | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Eastern | | NAME OF JUDGE<br>Christopher J. Panos |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ A. Davis Whitesell | | | |
| DATE<br>6/29/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>A. Davis Whitesell | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>STEFFIAN BRADLEY LIMITED<br><br>Debtor.<br> | Chapter 7<br><br>Case No. 19-11235-CJP |
| LYNNE F. RILEY, CHAPTER 7 TRUSTEE<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA CONSTRUCTION COMPANY<br><br>Defendant. | Adversary Proceeding<br>No. 20-_____ |

## COMPLAINT

Lynne F. Riley, the duly appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of debtor Steffian Bradley Limited ("SBL"), brings this Complaint against Columbia Construction Company ("CCC"), and alleges as follows:

## NATURE OF ACTION

1. By this action, the Trustee seeks to collect SBL's prepetition accounts receivable from CCC in the amount of $45,550.53 for the benefit of the Estate and its creditors.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. This action arises under 11 U.S.C. § 542(b).

## PARTIES

6. The Trustee (plaintiff Lynne F. Riley, as trustee) is the duly appointed and acting Chapter 7 trustee in SBL's Chapter 7 bankruptcy case.

7. Defendant Columbia Construction Company ("CCC") is a corporation organized under the laws of the Commonwealth of Massachusetts. CCC has its principal place of business in Massachusetts, and a corporate office address of 100 Riverpark Drive, North Reading, Massachusetts 01864.

## BACKGROUND

8. SBL is a corporation organized under the laws of the Commonwealth of Massachusetts. Prior to ceasing operations on April 9, 2019, SBL provided architectural and design services to a variety of clients, with particular emphasis on the design of health care facilities. SBL had a principal place of business located at 88 Black Falcon Avenue, Suite 353, Boston, Massachusetts.

9. Prior to April 9, 2019, SBL provided architectural and design services to CCC. SBL periodically invoiced CCC, and CCC periodically paid SBL on account of such invoices.

10. On April 9, 2019, SBL ceased business operations.

11. On April 12, 2019 (the "Petition Date"), SBL filed a voluntary petition commencing its Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the District of Massachusetts, case no. 19-11235-CJP (the "Bankruptcy Case").

2

12. The commencement of the Bankruptcy Case created the Estate consisting of all of SBL's legal and equitable property interests pursuant to 11 U.S.C. § 541.

13. The Estate includes SBL's rights to collect its accounts receivable.

14. The Trustee is authorized and empowered to collect SBL's accounts receivable for the benefit of the Estate.

15. By letter dated May 23, 2019, the Trustee made written demand of CCC for payment of $45,550.53 owed by CCC to SBL, including on account of outstanding invoices in the aggregate unpaid amount of $44,350.53 and $1,200.00 for work in process services that SBL had not yet invoiced to CCC as of the Petition Date (the "Trustee's Collection Demand").

16. CCC has not paid any amount to the Trustee on account of the Trustee's Collection Demand.

17. The full amount of the Trustee's Collection Demand remains due and owing by CCC.

## COUNT I
## Collection of Estate Account Receivable Pursuant to 11 U.S.C. § 542(b)

18. The Trustee repeats and realleges each of the allegations contained in paragraphs 1 through 17 in their entirety as if fully set forth herein.

19. As of the Petition Date, CCC owed SBL $45,550.53 for services performed by SBL for CCC, as set forth in the Trustee's Collection Demand.

20. Pursuant to 11 U.S.C. § 542(b), CCC is obligated to pay, and the Trustee is entitled to collect from CCC, the amount of $45,550.53.

21. By means of the Trustee's Collection Demand, the Trustee has pursuant to 11 U.S.C. § 542(b) made written demand of CCC to pay the $45,550.53 owed to the Estate.

22. CCC has refused the Trustee's Collection Demand, and has refused to pay the $45,550.53 owed to the Estate.

23. Pursuant to 11 U.S.C. § 542(b), the Trustee is entitled to recover from CCC payment in the amount of $45,550.53 for the benefit of the Estate.

**WHEREFORE**, the Trustee requests entry of judgment in her favor and against CCC in the amount of $45,550.53 together with pre-judgment and post-judgment interest and attorneys' fees as provided by any applicable contract and/or applicable law;

Dated:   June 29, 2020                    Lynne F. Riley, Chapter 7 Trustee

By her attorneys,


*/s/ A. Davis Whitesell*
A. Davis Whitesell, BBO# 551462
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
Tel:  617-426-5900
Email: whitesell@casneredwards.com

4